Citation Nr: 1527858 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-27 070 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUES

1. Entitlement to service connection for a neck disability, to include as secondary to service-connected left mid-body trapezius and supraspinatus tendonitis/myositis (left shoulder disability).

2. Entitlement to service connection for a gastrointestinal disability, to include as secondary to the Veteran's service-connected disabilities. 


REPRESENTATION

Veteran represented by: Paralyzed Veterans of America, Inc.


ATTORNEY FOR THE BOARD

J. Jenkins, Associate Counsel 


INTRODUCTION

The Veteran had active service from June 2000 to June 2004. The Veteran also had subsequent National Guard service. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota.

This case was before the Board in September 2014 and was remanded for additional development. For the reasons discussed below, the Board finds that there has not been substantial compliance with its prior remands. See Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds that the development requested in the September 2014 remand was not fully completed. A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. Accordingly, the development specified in the Board's prior remand must be conducted prior to adjudication.

The September 2014 remand directed, inter alia, that the AOJ obtain an addendum opinion from the June 2012 VA examiner addressing why the examiner rejected the diagnosis in the May 2011 VA pain clinic note, and provide the Veteran a VA examination to determine the etiology of the Veteran's gastrointestinal disability. 

The Veteran was provided an additional VA examination in October 2014, to address the nature and etiology of his neck and gastrointestinal disabilities. The Board notes that the examination was conducted by the same examiner who conducted the June 2012 VA examination. However, the Board finds that the October 2014 VA examination report is inadequate for adjudicating the claims. Therefore, it does not substantially comply with the September 2014 remand directives. 

With regard to the Veteran's gastrointestinal disability, as noted in the May 2015 and June 2013 Appellate Briefs, the examiner incorrectly stated that the Veteran did not have gastrointestinal symptoms during service. An April 2003 service treatment record (STR) noted that the Veteran had moderate stomach cramping. Additionally, the Veteran's April 2005 report of medical history noted that the Veteran had an adverse reaction to serum, food, insect stings, or medicine. Moreover, in stating that the Veteran had not been diagnosed with a stomach or duodenum condition, the examiner did not address the multiple VA treatment records noting that the Veteran was assessed with possible irritable bowel syndrome (IBS). Additionally, the Board notes that the Veteran stated that his stomach symptoms were related to various medications he took for his service-connected disabilities. Accordingly, on remand the examiner should also address whether the Veteran's gastrointestinal disability is caused or aggravated by any of the Veteran's service-connected disabilities, or any medications used to treat those disabilities. 

With regard to the Veteran's neck disability, the September 2014 remand directed the examiner to specifically address the reasons why he had rejected any diagnosis reported by the VA pain clinic in May 2011. The examiner did not do so. Moreover, in addressing the Veteran's pertinent medical history, the examiner did not address the Veteran's neck treatment prior to July 2009. Specifically, the examiner did not acknowledge that the Veteran reported neck pain as early as November 2004 and was assessed with Torticollis. Additionally, although the Veteran's representative explicitly raised the issue of secondary service-connection, none of the VA opinions of record have adequately addressed whether the Veteran's neck symptoms are caused by or aggravated by his service-connected left shoulder disability. 

In light of the above deficiencies, the Board finds that a remand to provide the Veteran an adequate VA examination is warranted. See Reonal v. Brown, 5 Vet. App. 458 (1993) (noting an opinion based upon an inaccurate factual premise had no probative value.); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate.).

Additionally, the Board finds that there are outstanding private treatment records pertinent to the present appeals. Specifically, the September 2014 VA examiner referenced a May 23, 2011 treatment note from Avera Sacred Heart Hospital diagnosing the Veteran with cervical spondylosis and degenerative joint disease. Additionally, a March 2009 VA treatment record noted that the Veteran had a colonoscopy done by his local medical doctor, Dr. Gilbert. However, that private treatment record is not in the claims file. Accordingly, on remand the outstanding private treatment records must be obtained. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain all VA treatment records from November 2014 to present.

2. Request that the Veteran complete a VA Form 21-4142, Authorization and Consent to Release Information to VA, for all private treatment records related to his neck or gastrointestinal disabilities, to include Avera Sacred Heart Hospital, Dr. Sorenson of the Sanford Clinic, and Dr. Gilbert.

3. Thereafter, schedule the Veteran for a VA examination, with an examiner other than the June 2012 and October 2014 examiner, to determine the nature and etiology of any diagnosable neck disability. The claims file and a copy of this remand must be available for review, and the examination report must reflect review of the claims file. Upon review of record, the examiner should address the following:

a. Identify any neck disability that has been present at any point during the pendency of the appeal, including torticollis, cervical intersegmental dysfunction and subluxation, and cervicalgia. 

In doing so, the examiner should reconcile his or her opinion with the diagnoses of record. 

b. State whether it at least as likely as not (i.e. a 50 percent probability or more) that any diagnosed neck disability is etiologically related to active service.

c. State whether it is at least as likely as not (50 percent probability or greater) that any diagnosed neck disability is caused or aggravated by the Veteran's service-connected left shoulder disability.

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.

Aggravation is defined as a permanent worsening beyond the natural progression of the disease.

A complete rationale must be provided for any opinion offered.

4. Next, schedule the Veteran for a VA examination, with an examiner other than the June 2012 and October 2014 examiner, to determine the nature and etiology of any diagnosable gastrointestinal disability. The claims file and a copy of this remand must be available for review, and the examination report must reflect review of the claims file. Upon review of record, the examiner should address the following:

a. Identify any gastrointestinal disability that has been present at any point during the pendency of the appeal. 

In doing so, the examiner should reconcile his or her opinion with the diagnoses of record, to include IBS, dairy intolerance, chronic diarrhea, and dyspepsia. 

b. State whether it at least as likely as not (i.e. a 50 percent probability or more) that any diagnosed gastrointestinal disability had its onset during or is otherwise etiologically related to active service. 

In rendering the requested opinion, the examiner should specifically address the April 16, 2003 STR noting that the Veteran had moderate stomach cramps and the April 2005 report of medical history noting that the Veteran had an adverse reaction to serum, food, insect stings, or medicine. 

c. State whether it is at least as likely as not (50 percent probability or greater) that any diagnosed gastrointestinal disability is caused or aggravated by any of the Veteran's service-connected disabilities, to include treatments for those disabilities.

d. State whether it is at least as likely as not (50 percent or greater degree of probability) that any diagnosed gastrointestinal disability is related to a disease or injury incurred in active duty for training (ACDUTRA).

In rendering the requested opinion, the examiner should specifically address the April 2005 report of medical history noting that the Veteran had an adverse reaction to serum, food, insect stings, or medicine. 

e. State whether it is at least as likely as not (50 percent or greater degree of probability) that any diagnosed gastrointestinal disability is related to an injury incurred in inactive duty for training (INACDUTRA) (the Board notes that only injuries, and not diseases, are recognized under 38 U.S.C.A. § 101(24) (West 2014) as the basis for establishing service-connection related to periods of INACDUTRA).

In rendering the requested opinion, the examiner should specifically address the April 2005 report of medical history noting that the Veteran had an adverse reaction to serum, food, insect stings, or medicine. 

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.
Aggravation is defined as a permanent worsening beyond the natural progression of the disease.

A complete rationale must be provided for any opinion offered.

5. Readjudicate the issues on appeal. If any benefit is not granted in full, the Veteran and his representative, if any, must be issued a supplemental statement of the case (SSOC) that informs him of the laws and regulations pertaining to his claim. An appropriate period should be allowed for response, and then the case should be returned to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L. M. BARNARD 
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).